**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **RALPH NADER, et al.,** | : |
| | : |
| **Plaintiffs** | : |
| | : |
| **v.** | : |
| | :      **Civil Action No. 07-2136-RMU** |
| **THE DEMOCRATIC NATIONAL COMMITTEE, et al.,** | : |
| | : |
| **Defendants.** | : |
| | : |

## PLAINTIFFS' MOTION TO PRESERVE EVIDENCE

Plaintiffs respectfully move the Court for an Order directing Defendants to take all measures necessary to preserve evidence that may be relevant to this case, including but not limited to all documents, memoranda, notes, correspondence, electronic mail, contracts, bank checks, bank account statements, telephone records and any other materials relating to or arising out of: 1) the candidacy of Ralph Nader and or Peter Miguel Camejo for President and Vice President in the 2004 general election; 2) any legal or administrative proceedings initiated to challenge the nomination papers of Ralph Nader and Peter Miguel Camejo as candidates for President and Vice President in the 2004 general election; 3) any Federal Election Commission complaints, grievances, investigations or related materials concerning Ralph Nader, Peter Miguel Camejo, or the Nader-Camejo 2004 campaign; and 4) any such materials relating to efforts by Defendants or other named or unnamed parties or any other persons to prevent Mr. Nader and Mr. Camejo from gaining ballot access during the 2004 general election, or to cause damages of any kind to Mr. Nader, Mr. Camejo or the Nader-Camejo 2004 campaign.

Dated: December 11, 2007

Respectfully Submitted,

/s/ Oliver B. Hall
_____

Oliver B. Hall
D.C. Bar No. 976463
1835 16th Street, N.W.
Washington, D.C. 20009
(617) 953-0161

*Counsel for Plaintiffs Ralph Nader,*
*Peter Miguel Camejo, D.B. Fanning,*
*C.K. Ireland, Julie Coyle, Herman*
*Blankenship, Lloyd Marbet and*
*Gregory Kafoury*

Bruce Afran, Esquire
10 Braeburn Drive
Princeton, NJ 08540
*Of Counsel*

Mark R. Brown, Esquire
303 East Broad Street
Columbus, OH 43215
*Of Counsel*

Carl J. Mayer, Esquire
Mayer Law Group, LLC
1040 Avenue of the Americas, Suite 2400
New York, NY 10018
*Of Counsel*

Gonzalez & Leigh, LLP
Matt Gonzalez, Esquire
G. Whitney Leigh, Esquire
Bryan Vereschagin, Esquire
Two Shaw Alley
San Francisco, CA 94105
*Of Counsel*

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO PRESERVE EVIDENCE

### Procedural History

On October 30, 2007, Plaintiffs filed a Complaint against Defendants in the Superior Court for the District of Columbia, alleging conspiracy, abuse of process, malicious prosecution and claims arising under 42 U.S.C. § 1983.  On November 27, 2007, Defendants removed the case to this Court.

### Argument

Plaintiffs seek an Order from this Court directing Defendants to take all measures necessary to preserve evidence that might be relevant to this case, in order to ensure that such evidence will not be lost or destroyed in the normal course of business, pursuant to document retention policies, or in any other manner.  Such Order is warranted due to the increased likelihood in this case that evidence might otherwise be lost or destroyed.

Federal Courts recognize that parties have a duty to preserve evidence that might be relevant to litigation that is ongoing or reasonably to be anticipated.  *See*, *e.g.*, *Silvestri v. General Motors*, 271 F.3d 583 (4th Cir. 2001) ("The duty to preserve material evidence arises not only during litigation but also extends to that period before the litigation when a party reasonably should know that the evidence may be relevant to anticipated litigation"); *Kronisch v. United States*, 150 F.3d 112, 126 (2nd Cir. 1998) (same); *Washington Gas Light Co. v. Biancaniello*, 183 F.2d 982, 985 (D.C. Cir. 1950) (recognizing duty); *see also Broccoli v. Echostar Comm. Corp.*, 229 F.R.D. 506 (D.MD. 2005) ("A party has a duty to preserve evidence when the party is placed on notice that the evidence is relevant to litigation or when the party should have known that the evidence may be relevant to future litigation"); *Rice v. United States*, 917 F. Supp. 17

(D.D.C. 1996) (recognizing duty); *Johnson v. Washington Metropolitan Area Transit Authority*, 764 F. Supp. 1568, 1579 (D.D.C. 1991) (same).  Parties to a civil action are therefore required to place a "litigation hold" on the destruction of documents and other materials that might be relevant to the litigation.  *See* Fed. R. Civ. P. 37, advisory committee note (2006 amendments).

In this case, however, an Order from the Court directing Defendants to take all measures necessary to preserve evidence is warranted, due to the large number of individuals and entities who may have possession of or access to relevant evidence, including many who are not parties to this case.  These individuals and entities may be unaware of the present litigation, and of Defendants' duty to preserve relevant evidence, which greatly increases the likelihood that such evidence might be lost or destroyed unless the Court issues such Order.

In addition, certain evidence relevant to this case is subject to document retention requirements mandated by the Federal Election Commission (FEC).  *See* 11 C.F.R. §§ 102.9, 104.14 (requiring political committees to maintain campaign finance records for three years after filing of campaign finance report).  FEC regulations do not, however, require preservation of evidence unrelated to campaign finance issues, such as strategy memoranda, correspondence, electronic mail and other documents.  *See id.*  FEC regulations therefore may actually increase the likelihood that such evidence will be lost or destroyed, by habituating political committees not to preserve documents and materials unrelated to campaign finance issues.

Accordingly, due to the increased likelihood in this case that relevant evidence might otherwise be lost or destroyed, an Order from the Court is warranted, which directs

Defendants to take all measures necessary to ensure that such evidence is preserved

pending resolution of the present litigation.

### Conclusion

For the foregoing reasons, the Motion to Preserve Evidence should be granted.


Dated: December 11, 2007                                    Respectfully Submitted,

                                                            /s/ Oliver B. Hall
                                                            ──────────────────────

                                                            Oliver B. Hall
                                                            D.C. Bar No. 976463
                                                            1835 16th Street, N.W.
                                                            Washington, D.C. 20009
                                                            (617) 953-0161

                                                            *Counsel for Plaintiffs Ralph Nader,*
                                                            *Peter Miguel Camejo, D.B. Fanning,*
                                                            *C.K. Ireland, Julie Coyle, Herman*
                                                            *Blankenship, Lloyd Marbet and*
                                                            *Gregory Kafoury*

Bruce Afran, Esquire
10 Braeburn Drive
Princeton, NJ 08540
*Of Counsel*

Mark R. Brown, Esquire
303 East Broad Street
Columbus, OH 43215
*Of Counsel*

Carl J. Mayer, Esquire
Mayer Law Group, LLC
1040 Avenue of the Americas, Suite 2400
New York, NY 10018
*Of Counsel*

Gonzalez & Leigh, LLP
Matt Gonzalez, Esquire
G. Whitney Leigh, Esquire
Bryan Vereschagin, Esquire
Two Shaw Alley
San Francisco, CA 94105
*Of Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion to Preserve Evidence was

served on December 11, 2007, by first class mail, on the following parties:

Joseph E. Sandler
D.C. Bar No. 255919
John Hardin Young
SANDLER, REIFF & YOUNG
50 E Street, S.E. #300
Washington, D.C. 20003

*Attorneys for Defendants Democratic
National Committee and Jack Corrigan*

Michael B. Trister
D.C. Bar No. 54080
LICHTMAN, TRISTER & ROSS, PLLC
1666 Connecticut Ave., N.W., Suite 500
Washington, D.C. 20009

*Attorneys for Defendant Service Employees
International Union*

Lawrence Noble
D.C. Bar No. 24434
SKADDEN, ARPS, SLATE, MEAGHER
& FLOM, LLP
1440 New York Ave., N.W.
Washington, D.C. 20005-2111

*Attorneys for Defendants
Toby Moffett, Robert Brandon,
Elizabeth Holtzman and The
Ballot Project, Inc.*

Mark E. Elias
D.C. Bar No. 442007
PERKINS COIE
607 14th St., N.W.
Washington, D.C. 20005

*Attorneys for Defendants
Kerry-Edwards 2004, Inc. and
Senator John Kerry*

Laurence E. Gold
D.C. Bar No. 33689
LICHTMAN, TRISTER & ROSS, PLLC
1166 Connecticut Ave., N.W., Suite 500
Washington, D.C. 20036

Lyn Utrecht
D.C. Bar No. 272666
RYAN, PHILLIPS, UTRECHT & MACKINNON
1133 Connecticut Ave., N.W.
Washington, D.C. 20036

*Attorneys for America Coming Together*

/s/ Oliver B. Hall
Oliver B. Hall

*Attorney for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **RALPH NADER, et al.,** | : |
| | : |
| **Plaintiffs** | : |
| | : |
| **v.** | : |
| | : |
| **THE DEMOCRATIC NATIONAL** | : |
| **COMMITTEE, et al.,** | : |
| | : |
| **Defendants.** | : |
| | : |

**Civil Action No. 07-2136-RMU**

### [PROPOSED] ORDER

Pursuant to Plaintiffs' Motion to Preserve Evidence, it is hereby

ORDERED, that Defendants take all measures necessary to preserve evidence

that may be relevant to this case, including but not limited to all documents, memoranda,

notes, correspondence, electronic mail, contracts, bank checks, bank account statements,

telephone records and any other materials relating to or arising out of: 1) the candidacy of

Ralph Nader and or Peter Miguel Camejo for President and Vice President in the 2004

general election; 2) any legal or administrative proceedings initiated to challenge the

nomination papers of Ralph Nader and Peter Miguel Camejo as candidates for President

and Vice President in the 2004 general election; 3) any Federal Election Commission

complaints, grievances, investigations or related materials concerning Ralph Nader, Peter

Miguel Camejo, or the Nader-Camejo 2004 campaign; and 4) any such materials relating

to efforts by Defendants or other named or unnamed parties or any other persons to

prevent Mr. Nader and Mr. Camejo from gaining ballot access during the 2004 general

election, or to cause damages of any kind to Mr. Nader, Mr. Camejo or the Nader-

Camejo 2004 campaign.

 

_____
RICARDO M. URBINA
United States District Judge

Signed this __ day of December, 2007.

Copies to:

Joseph E. Sandler
D.C. Bar No. 255919
John Hardin Young
SANDLER, REIFF & YOUNG
50 E Street, S.E. #300
Washington, D.C. 20003

*Attorneys for Defendants Democratic*
*National Committee and Jack Corrigan*

Lawrence Noble
D.C. Bar No. 24434
SKADDEN, ARPS, SLATE, MEAGHER
& FLOM, LLP
1440 New York Ave., N.W.
Washington, D.C. 20005-2111

*Attorneys for Defendants*
*Toby Moffett, Robert Brandon,*
*Elizabeth Holtzman and The*
*Ballot Project, Inc.*

Laurence E. Gold
D.C. Bar No. 33689
LICHTMAN, TRISTER & ROSS, PLLC
1166 Connecticut Ave., N.W., Suite 500
Washington, D.C. 20036

Lyn Utrecht
D.C. Bar No. 272666
RYAN, PHILLIPS, UTRECHT & MACKINNON
1133 Connecticut Ave., N.W.
Washington, D.C. 20036

*Attorneys for America Coming Together*

Michael B. Trister
D.C. Bar No. 54080
LICHTMAN, TRISTER & ROSS, PLLC
1666 Connecticut Ave., N.W., Suite 500
Washington, D.C. 20009

*Attorneys for Defendant Service Employees*
*International Union*

Mark E. Elias
D.C. Bar No. 442007
PERKINS COIE
607 14th St., N.W.
Washington, D.C. 20005

*Attorneys for Defendants*
*Kerry-Edwards 2004, Inc. and*
*Senator John Kerry*

Oliver B. Hall
D.C. Bar No. 976463
1835 16th St., N.W.
Washington, D.C. 20009

*Attorney for Plaintiffs*