UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RALPH NADER, et al.,<br><br>        Plaintiffs,<br><br>   v.<br><br>THE DEMOCRATIC NATIONAL COMMITTEE, et al.,<br><br>        Defendants. | Civil Action No. 07-2136-RMU |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**

In clear violation of the Local Rules of the U.S. District Court for the District of Columbia, plaintiffs have provided no statement of the specific points of law and authority that support their Motion to Remand. *See* LCvR 7(a). As a result, they have failed to provide defendants and the Court notice of the legal basis for their dispositive motion. This Court should dismiss plaintiffs' motion without prejudice, so that plaintiffs can refile in compliance with Local Rules. If the Court is not inclined to dismiss without prejudice, defendants request an extension of time in which to brief the merits of this dispositive motion.

**ARGUMENT**

On January 23, 2008, nearly two months after this case was removed to the United States District Court for the District of Columbia, and just eight days before defendants'

response was due, plaintiffs amended their complaint, deleting their federal causes of action, and moved to remand.

Local Civil Rule 7(a) provides: "Each motion shall include or be accompanied by a statement of the specific points of law and authority that support the motion, including where appropriate a concise statement of facts." LCvR 7(a). "The purpose of the rule is to ensure that the nonmovant and the court are provided notice of what is sought and the legal basis for the motion." *Abdah v. Bush*, No. CIV. A. 04-01254 (HHK), 2008 WL 114872, at *1 n.2 (D.D.C. Jan. 9, 2008).

Plaintiffs' remand motion neither includes nor is accompanied by a statement of the specific points of law and authority in support. Instead, "[i]n support of [their] motion, Plaintiffs submit" only "that their Amended Complaint . . . provides no basis for this Court to exercise jurisdiction over the action, because the Amended Complaint raises no federal claims arising under the laws or Constitution of the United States." Pls.' Mot. to Remand.

Contrary to the suggestion of plaintiffs' barebones motion, this Court does not lack jurisdiction and remand is not automatic.[1] *See Osborn v. Haley*, 127 S. Ct. 881, 896 (2007) (where a federal question was raised at the outset, even if only state law claims remain, the district court has discretion to retain jurisdiction); *Rockwell Int'l Corp. v. United States*, 127 S.Ct. 1397, 1409 n.6 (2007) ("[W]hen a defendant removes a case to federal court based on the presence of a federal claim, an amendment eliminating the original basis for federal jurisdiction generally does not defeat jurisdiction."). As the Supreme Court recently noted, "removal cases raise forum-manipulation concerns that simply do not exist when it is the

---

[1] Indeed, plaintiffs' Amended Complaint recognizes that this Court has jurisdiction. Am. Compl. ¶ 12.

*plaintiff* who chooses a federal forum and then pleads away jurisdiction through amendment." *Id.*; *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988) ("If the plaintiff has attempted to manipulate the forum, the court should take this behavior into account in determining whether the balance of factors to be considered under the pendent jurisdiction doctrine support a remand in the case.").

There are numerous examples of forum manipulation here. Plaintiffs filed this suit in the Superior Court for the District of Columbia on October 30, 2007. The original complaint alleged violations of both state tort law and 42 U.S.C. § 1983. The very next day plaintiffs sought to take advantage of another forum to pursue essentially the same claims: They filed a virtually identical complaint in the Eastern District of Virginia, bearing the caption of the "Superior Court of the District of Columbia," alleging the same facts, but naming different defendants. *Nader v. McAuliffe*, No. 1:07 CV 1101 JCC/TCB. Then, the following day, plaintiffs amended their Eastern District of Virginia complaint, fixing the caption, but leaving it otherwise unchanged.

Because the District of Columbia complaint alleged a violation of 42 U.S.C. § 1983, the case was removed to this Court on November 27, 2007. After defendants' counsel in the Virginia action informed plaintiffs' counsel that they intended to move to transfer the Virginia action to the District of Columbia, plaintiffs responded with another series of manipulative procedural maneuvers. On January 23, 2008, in an effort to avoid this forum, they amended their District of Columbia complaint and sought remand. They changed nothing about the facts or nature of the injury alleged; they simply deleted Counts III and IV of their original complaint, which had alleged violations of 42 U.S.C. § 1983. Then, on January 30, 2008, plaintiffs sought leave to amend their Virginia complaint to add defendants

from the District of Columbia suit and to dismiss the state law claims from that suit. Thus, while plaintiffs have dropped their federal claims from the District of Columbia action in an effort to avoid this forum, they are attempting to pursue the same claims in the Eastern District of Virginia against principally the same defendants and based on the same facts— facts that have no nexus to the State of Virginia. While the motion by plaintiffs for leave to amend the Virginia complaint (a second time) remains pending, defendants in the Virginia action have filed a motion to dismiss the existing Amended Complaint or, in the alternative, to transfer the action pending in Virginia (including the section 1983 claims) to this Court on grounds that the interests of justice and judicial economy counsel in favor of one court hearing the same claims against the same defendants.[2]

Though plaintiffs' manipulative tactics support defendants' position that this Court should retain jurisdiction and dismiss this case with prejudice, *see Carnegie-Mellon Univ. v. Cohill*, 484 U.S. at 357; *Zuurbier v. Medstar Health, Inc.*, 306 F. Supp. 2d 1, 5 (D.D.C. 2004); *In re Bridgestone/Firestone, Inc., ATX*, 128 F. Supp. 2d 1198, 1201-02 (S.D. Ind. 2001), plaintiffs' failure to file a brief in support of their remand motion makes it difficult for defendants to respond fully. There are several legal theories upon which plaintiffs could be seeking remand. *See* 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 3739 (3d ed. 1998). The basis for remand is important, for

---

[2] Moreover, in the last several years, Nader and his supporters have tried one forum after another, and have litigated—and lost—numerous cases in which they complained about unfair treatment in the 2000 and 2004 elections, including similar conspiracy claims. *See, e.g., Fulani v. McAuliffe*, No. 04 Civ. 6973 (LAP), 2005 WL 2276881 (S.D.N.Y. 2005); *Nader v. Brewer*, No. CV-04-1699-PHX-FJM, 2006 WL 1663032 (D. Ariz. June 08, 2006); *Nader v. Illinois State Board of Elections*, 354 Ill. App. 3d 335 (Ill. App. 1 Dist. 2004). The Court may take judicial notice of these court documents. *See Hinton v. Shaw Pittman Potts & Trowbridge*, 257 F. Supp. 2d 96, 100 n.5 (D.D.C. 2003).

it determines, among other issues, whether a remand order can be appealed. *See Osborne*, 127 S. Ct. at 893-94 (explaining that remand orders under 28 U.S.C. § 1447(c), unlike other remand orders, cannot be appealed). Notably, the statutory provision cited in plaintiffs' motion, 28 U.S.C. § 1441(c), is inapposite: section 1441(c) does not apply to cases over which a district court has pendent or supplemental jurisdiction. *Carnegie-Mellon*, 484 U.S. at 354-55 & n.11.

Without further explanation from plaintiffs, neither defendants nor this Court can properly respond. *See Abdah*, 2008 WL 114872, at *1 n.2. Moreover, the failure of plaintiffs to comply with Local Rule 7(a) is particularly problematic here, for plaintiffs' motion to remand is dispositive, *see Vogel v. U.S. Office Prods. Co.*, 258 F.3d 509, 515 (6th Cir. 2001), and its resolution has great import to the future of this litigation.

This Court has previously admonished plaintiffs to abide by the Local Rules. On December 13, 2007, by Minute Order, the Court denied, without prejudice, plaintiffs' Motion to Preserve Evidence. The Court stated: "Plaintiffs filed their motion without an averment of consultation with defendants and an indication of defendants' opposition or consent, as required by Local Civil Rule 7(m). The plaintiffs may refile the motion upon correction of this deficiency." Minute Order, Dec. 13, 2007. Plaintiffs did not refile.

Because plaintiffs' remand motion violates the clear command of Local Civil Rule 7(a) and does not provide defendants or this Court sufficient notice to respond, it should be denied. *See Elliott v. U.S. Dep't of Agriculture*, No. CIV. A. 06-240 (JDB), 2007 WL 1302588, at *1 n.1 (D.D.C. May 2, 2007); *Steinbuch v. Cutler*, 463 F. Supp. 2d 4, 8-9 (D.D.C. 2006). Upon correcting the deficiency, defendants will be able to brief the merits of plaintiffs' dispositive motion properly.

## **CONCLUSION**

For the foregoing reasons, plaintiffs' motion to remand should be denied without prejudice, and plaintiffs should be allowed to refile with proper briefing. If this Court is not inclined to deny on this basis, defendants request additional time in which to brief the merits of this dispositive motion.

Dated: February 4, 2008.                                   Respectfully submitted,

                                                                  **PERKINS COIE LLP**

                                                                  By:  /s/ Marc E. Elias

| | |
|---|---|
| Joseph E. Sandler<br>D.C. Bar No. 255919<br>John Hardin Young<br>D.C. Bar No. 190553<br>Stephen E. Hershkowitz<br>D.C. Bar No. 282947<br>SANDLER, REIFF & YOUNG, P.C.<br>50 E Street, SE #300<br>Washington, DC  20003<br><br>*Counsel for Defendants Democratic National Committee, Jack Corrigan, and Mark Brewer* | Marc E. Elias<br>D.C. Bar No. 442007<br>MElias@perkinscoie.com<br>607 Fourteenth Street, NW, Suite 800<br>Washington, D.C.  20005-2011<br>Telephone:  202.628.6600<br>Facsimile:  202.654.9126<br><br>*Counsel for Defendants*<br>*John Kerry and Kerry-Edwards 2004 Inc*. |
| Douglas K. Spaulding<br>D.C. Bar No. 936948<br>REED SMITH LLP<br>1301 K Street, NW<br>Suite 1100 – East Tower<br>Washington, DC  20005<br><br>*Counsel for Defendant Reed Smith, LLP* | Michael B. Trister<br>D.C. Bar No. 54080<br>LICHTMAN, TRISTER & ROSS, PLLC<br>1666 Connecticut Avenue, NW<br>Suite 500<br>Washington, DC  20009-1039<br><br>*Counsel for Defendant Service Employees International Union* |

-7-

| | |
|---|---|
| Laurence E. Gold<br>D.C. Bar No. 336891<br>1666 Connecticut Avenue, NW<br>Suite 500<br>Washington, DC  20009-1039 | Preeta D. Bansal<br>D.C. Bar No. 431195<br>SKADDEN, ARPS, SLATE, MEAGHER &<br>FLOM LLP<br>Four Times Square<br>New York, NY 10036-6522 |
| Lyn Utrecht<br>D.C. Bar No. 272666<br>RYAN, PHILLIPS, UTRECHT &<br>MACKINNON<br>1133 Connecticut Avenue, NW<br>Washington, DC  20036 | Lawrence Noble<br>D.C. Bar No. 244434<br>SKADDEN, ARPS, SLATE, MEAGHER &<br>FLOM LLP<br>1440 New York Avenue, NW<br>Washington, DC  20005-2111 |
| *Counsel for America Coming Together* | *Counsel for Defendants Toby Moffett, Robert Brandon,  Elizabeth Holtzman and*<br>*The Ballot Project, Inc.* |

## **CERTIFICATE OF SERVICE**

I hereby certify that I served a copy of the foregoing Opposition to Plaintiffs' Motion to Remand on this 4th day of February 2008 by means of the Court's CM/ECF system, on the following parties:

Oliver B. Hall
1835 16th Street, N.W.
Washington, DC  20009
(617) 953-0161

*Counsel for Plaintiffs Ralph Nader*
*Peter Miguel Camejo, D.B. Fanning*
*C.K. Ireland, Julie Coyle, Herman*
*Blankenship, Lloyd Marbet and*
*Gregory Kafoury*

/s/ Marc E. Elias
Marc E. Elias
D.C. Bar No. 442007
MElias@perkinscoie.com
607 Fourteenth Street, NW, Suite 800
Washington, D.C.  20005-2011
Telephone:  202.628.6600
Facsimile:  202.654.9126

*Counsel for Defendants*
*John Kerry and Kerry-Edwards 2004 Inc.*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RALPH NADER, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>THE DEMOCRATIC NATIONAL COMMITTEE, et al.,<br><br>        Defendants. | Civil Action No. 07-2136-RMU |

**[PROPOSED] ORDER DENYING PLAINTIFFS' MOTION TO REMAND**

Upon consideration of the Plaintiffs' Motion to Remand and Defendants' Opposition, it is hereby **ORDERED** that the motion is **DENIED** without prejudice. Plaintiffs may refile in compliance with LCvR 7(a).

ENTERED this ___ day of February 2008.

_____

RICARDO M. URBINA

United States District Judge