UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RALPH NADER, et al.,  :<br><br>   Plaintiffs  :<br><br>v.  :<br><br>THE DEMOCRATIC NATIONAL  :<br>COMMITTEE, et al.,  :<br><br>   Defendants.  : | Civil Action No. 07-2136-RMU |

**NOTICE OF MEMORANDUM IN SUPPORT
OF PLAINTIFFS' MOTION TO REMAND**

NOTICE IS HEREBY GIVEN that Plaintiffs in the above-captioned matter filed the enclosed Memorandum in Support of Plaintiffs' Motion to Remand with the Court on February 6, 2008.

                                                        Respectfully submitted,


                                               /s/ Oliver B. Hall

                                             Oliver B. Hall
                                             D.C. Bar No. 976463
                                             1835 16th Street N.W.
                                             Washington, D.C. 20009
                                             Tel: (617) 953-0161
                                             oliverbhall@gmail.com

                                             *Counsel for Plaintiffs Ralph Nader,*
                                             *Peter Miguel Camejo, D.B. Fanning,*
                                             *C.K. Ireland, Julie Coyle, Herman*
                                             *Blankenship, Lloyd Marbet and*
                                             *Gregory Kafoury*

Dated: February 6, 2008

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of February 2008, I served a copy of the foregoing Notice of Memorandum in Support of Motion to Remand by means of the Court's EM/CMF system or by first class mail, postage prepaid, on:

| | |
|---|---|
| Joseph E. Sandler<br>D.C. Bar No. 255919<br>John Hardin Young<br>SANDLER, REIFF & YOUNG<br>50 E Street, S.E. #300<br>Washington, D.C. 20003 | Michael B. Trister<br>D.C. Bar No. 54080<br>LICHTMAN, TRISTER & ROSS, PLLC<br>1666 Connecticut Ave., N.W., Suite 500<br>Washington, D.C. 20009 |
| *Attorneys for Defendants Democratic National Committee and Jack Corrigan* | *Attorneys for Defendant Service Employees International Union* |
| Lawrence Noble<br>D.C. Bar No. 24434<br>SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP<br>1440 New York Ave., N.W.<br>Washington, D.C. 20005-2111 | Mark E. Elias<br>D.C. Bar No. 442007<br>PERKINS COIE<br>607 14th St., N.W.<br>Washington, D.C. 20005 |
| *Attorneys for Defendants Toby Moffett, Robert Brandon, Elizabeth Holtzman and The Ballot Project, Inc.* | *Attorneys for Defendants Kerry-Edwards 2004, Inc. and Senator John Kerry* |
| Laurence E. Gold<br>D.C. Bar No. 33689<br>LICHTMAN, TRISTER & ROSS, PLLC<br>1166 Connecticut Ave., N.W., Suite 500<br>Washington, D.C. 20036 | Douglas K. Spaulding<br>D.C. Bar No. 936948<br>REED SMITH, LLP<br>1301 K Street N.W.<br>Suite 1100 – East Tower<br>Washington, D.C. 20005 |
| Lyn Utrecht<br>D.C. Bar No. 272666<br>RYAN, PHILLIPS, UTRECHT & MACKINNON<br>1133 Connecticut Ave., N.W.<br>Washington, D.C. 20036 | *Attorneys for Defendant Reed Smith, LLP* |
| *Attorneys for America Coming Together* | /s/ Oliver B. Hall<br>Oliver B. Hall |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RALPH NADER, et al.,**<br><br>    Plaintiffs<br><br>v.<br><br>**THE DEMOCRATIC NATIONAL COMMITTEE, et al.,**<br><br>    Defendants. | Civil Action No. 07-2136-RMU |

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND

On October 31, 2007, plaintiffs filed a complaint against defendants in the Superior Court of the District of Columbia, alleging state law claims for conspiracy, abuse of process and malicious prosecution, and federal claims under 42 U.S.C. § 1983. On November 27, 2007, defendants filed a notice of removal, removing the action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.  On January 23, 2008, plaintiffs filed an Amended Complaint, which dismissed their claims arising under 42 U.S.C. § 1983. Plaintiffs accordingly move the Court to remand the action to the Superior Court of the District of Columbia, because plaintiffs' Amended Complaint raises no claims arising under federal law, and because their state law claims raise novel questions of state law, which should be addressed in the first instance by the courts of the District of Columbia.

## ARGUMENT

This Court has discretion to determine whether to retain, remand or dismiss plaintiffs' state law claims after plaintiffs' federal law claims are dismissed.  *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988).  The general rule, however,

is that remand of state law claims is preferable to the Court's exercise of supplemental jurisdiction over such claims.  *See id*; *Certilman v. Becker*, 807 F. Supp. 307, 309-310 (S.D.N.Y. 1992); *Trans Penn Wax Corp. v. McCandless*, 50 F.3d 217, 233 (3d Cir. 1995); *Robertson v. Neuromedical Ctr.*, 161 F.3d 292, 296 (5th Cir. 1998); *Payne v. Churchich*, 161 F.3d 1030, 1043 (7th Cir. 1998); *Albinigia Versicherungs A.G. v. Schenker Int'l, Inc.*, 344 F.3d 931, 939 (9th Cir. 2003).  Furthermore, in cases such as this, when the federal claims are dismissed soon after removal, remand is especially preferable.  *See id.*

Plaintiffs filed an Amended Complaint dismissing their federal claims on January 23, 2008, before defendants filed any answer or motion in response to the complaint.  At this early stage, before the trial and even before discovery proceedings have begun, remand is the proper disposition of plaintiffs' state law claims.  *See Robertson*, 161 F.3d at 296 (remand proper where federal claims dismissed before trial); *Trans Penn Wax Corp.*, 50 F.3d at 233 (remand proper where federal claims dismissed *after* discovery period).  Accordingly, consistent with the great weight of authority, plaintiffs' amended complaint, which dismissed their federal claims prior to the initiation of any proceedings before this Court, should be remanded to the Superior Court of the District of Columbia.  *See Carnegie-Mellon Univ.*, 484 U.S. at 357; *Certilman*, 807 F. Supp. At 309-310; *Trans Penn Wax Corp.*, 50 F.3d at 233; *Robertson*, 161 F.3d at 296; *Payne*, 161 F.3d at 1043; *Albinigia Versicherungs A.G.*, 344 F.3d at 939.

Remand is particularly warranted in this case, moreover, because plaintiffs' Amended Complaint raises novel questions of state law that should be addressed in the first instance by the courts of the District of Columbia.  *See generally Trans Penn Wax*

*Corp.*, 50 F.3d at 233 (citing comity principles in favor of remand); *Harrell v. 20th Century Ins. Co.*, 934 F.3d 203, 205 (9th Cir. 1991) (same).  Plaintiffs' Amended Complaint alleges that defendants intended to bankrupt the Nader-Camejo 2004 presidential campaign and force plaintiffs Ralph Nader and Peter Miguel Camejo from the 2004 general election by means of groundless and abusive litigation in 18 states, among other unlawful acts.  *See* Amended Complaint at 65-67.  Plaintiffs therefore allege claims for conspiracy, abuse of process and malicious prosecution, all arising under the laws of the District of Columbia.  *See id.*

Courts applying the laws of the District of Columbia have held that "intentionally causing severe financial injury through the prosecution of legal proceedings," as plaintiffs allege defendants intended to do, is an abuse of process.  *Whelan v. Abell*, 953 F.2d 663, 671 (D.C. Cir. 1992); *see also Neumann v. Vidal*, 710 F.2d 856, 860 (D.C. Cir. 1983) (litigation intended to harm or impede plaintiffs' business is an abuse of process).  More generally, District of Columbia courts have long recognized that "the right to litigate is not the right to become a nuisance," and that there is "no good reason why the law should tolerate repeated abuse of its processes."  *Davis v. Boyle Bros., Inc.*, 73 A.2d 517 (App. D.C. 1950) *quoting Soffos v. Eaton*, 152 F.2d 682, 683 (App. D.C. 1945).  No District of Columbia Court, however, appears to have had occasion to apply these well-settled rules in the context of a nationwide conspiracy to force candidates from an election by means of groundless and abusive litigation against them.  Plaintiffs' Amended Complaint therefore presents novel legal questions that arise exclusively under the laws of the District of Columbia, and which should be determined by the courts of the District of Columbia.  *See Carnegie-Mellon Univ.*, 484 U.S. at 357; *Certilman*, 807 F. Supp. At 309-

3

310; *Trans Penn Wax Corp.*, 50 F.3d at 233; *Robertson*, 161 F.3d at 296; *Payne v. Churchich*, 161 F.3d at 1043; *Albinigia Versicherungs A.G.*, 344 F.3d at 939.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion to remand should be granted.

Dated: February 6, 2008                    Respectfully Submitted,

   /s/ Oliver B. Hall

Oliver B. Hall, Esquire
D.C. Bar No. 976463
oliverbhall@gmail.com
1835 16th Street NW
Washington, D.C. 20009
Tel: (617) 953-0161

*Counsel for plaintiffs Ralph Nader, Peter Miguel Camejo, Gregory Kafoury, Lloyd Marbet, D.B. Fanning, C.K. Ireland, Julie Coyle, and Herman Blankenship*

Bruce Afran, Esquire
10 Braeburn Drive
Princeton, NJ 08540
*Of Counsel*

Mark R. Brown, Esquire
303 East Broad Street
Columbus, OH 43215
*Of Counsel*

Carl J. Mayer, Esquire
Mayer Law Group, LLC
1040 Avenue of the Americas, Suite 2400
New York, NY 10018
*Of Counsel*

Matt Gonzalez, Esquire
G. Whitney Leigh, Esquire
Brian Vereschagin, Esquire
Gonzalez & Leigh, LLP

4

Two Shaw Alley
San Francisco, CA 94105
*Of Counsel*

5