UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| RALPH NADER, et al.,  :<br>  :<br>  Plaintiffs  :<br>  :<br>  v.  :<br>  :  Civil Action No. 07-2136-RMU<br>THE DEMOCRATIC NATIONAL  :<br>COMMITTEE, et al.,  :<br>  :<br>  Defendants.  :<br>  : |  |

### PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION
### TO PLAINTIFFS' MOTION TO REMAND

The only facts relevant to plaintiffs' motion to remand are as follows. On October 30, 2007, plaintiffs filed a complaint against defendants in the Superior Court of the District of Columbia, alleging state law claims for conspiracy, abuse of process and malicious prosecution, and federal law claims under 42 U.S.C. § 1983. On November 27, 2007, defendants filed a notice of removal pursuant to 28 U.S.C. §§ 1441 and 1446, and removed the action to this Court. On January 23, 2008, prior to any proceedings before this Court, and before any defendant had filed an answer or motion in response to the complaint, plaintiffs filed an amended complaint, which dismissed their claims arising under 42 U.S.C. § 1983. Because the amended complaint alleges no claims arising under federal law, plaintiffs moved to remand the action back to the Superior Court of the District of Columbia.

### ARGUMENT

I.      **Remand Is Proper Because This Action Arises Exclusively Under State Law and Proceedings Before This Court Have Not Yet Begun.**

The only issue facing the Court on plaintiffs' motion to remand is whether remand is proper. The unequivocal answer is yes:

> In the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims.

*Carnegie-Mellon University et al. v. Cohill*, 484 U.S. 343, 350 n.7 (1988), *citing United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).

Plaintiffs' amended complaint alleges claims arising exclusively under state law, and which raise novel and complex questions of state law. Furthermore, proceedings before this Court have not yet begun. Under these circumstances, remand is not only proper, but virtually required by controlling precedent governing the Court's exercise of supplemental jurisdiction over state law claims. *See Carnegie-Mellon*, 484 U.S. at 350 ("when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction"); *United Mine Workers*, 383 U.S. at 726 ("Certainly, if the federal claims are dismissed before trial…the state claims should be dismissed as well"); *District of Columbia v. Merit Systems Protection Board*, 762 F.2d 129, 133 (D.C. Cir. 1985) (remand proper where case "presents a complex question of purely local law" and federal party eliminated "well before any proceedings"); *Role Models America Inc. v. Penmar Development Corp.*, 394 F. Supp. 2d 121, 136 (D.D.C. 2005) (remand proper "even though the parties have expended substantial time and effort litigating the dispositive motions"); *Zuurbier v. Medstar Health, Inc.* 306 F. Supp. 2d 1, 7 (D.D.C. 2004) ("Because only state law claims

remain, those claims should, in the interests of comity, be heard by the Superior Court, which has greater familiarity with the unique questions of state law currently in dispute").[1]

Defendants attempt to avoid the clear mandate of this controlling body of precedent by asserting that remand is discretionary rather than automatic. *See* Defs.' Opp. at 2. While defendants' assertion is correct, the overwhelming weight of authority nevertheless indicates that the proper exercise of the Court's discretion is to remand. Even defendants do not dispute this point. Instead, defendants object that plaintiffs' motion provided inadequate notice of the legal basis for remand. *See id.* at 5. In support of their position, defendants cite *Carnegie-Mellon* for the proposition that section 1441(c), the removal statute that plaintiffs cite, "does not apply to cases over which a district court has pendent or supplemental jurisdiction." Defendants' reading of *Carnegie-Mellon* is misleading, however: in that case, the Court noted that section 1441(c), "far from precluding district courts from remanding pendent state-law claims, actually supports such authority." *Carnegie-Mellon*, 484 U.S. at 354. Moreover, defendants' objection to plaintiffs' motion is mooted by the memorandum of points and authorities that plaintiffs filed on February 6, 2008.

Accordingly, consistent with the great weight of controlling precedent, the Court should remand this action to the Superior Court of the District of Columbia.

## II. Plaintiffs Have Not Engaged in "Forum Manipulation," and Defendants Cite No Facts to Support This Claim.

---

[1] The weight of authority from federal courts in other jurisdictions also supports remand. *See*, *e.g.*, *Certilman v. Becker*, 807 F. Supp. 307, 309-310 (S.D.N.Y. 1992); *Trans Penn Wax Corp. v. McCandless*, 50 F.3d 217, 233 (3d Cir. 1995); *Robertson v. Neuromedical Ctr.*, 161 F.3d 292, 296 (5th Cir. 1998); *Payne v. Churchich*, 161 F.3d 1030, 1043 (7th Cir. 1998); *Albinigia Versicherungs A.G. v. Schenker Int'l, Inc.*, 344 F.3d 931, 939 (9th Cir. 2003).

Defendants attempt to bolster their position by claiming that plaintiffs have engaged in "forum manipulation" by filing a separate complaint in the District Court for the Eastern District of Virginia against two defendants who are residents of Virginia. Defs.' Opp. at 3. Defendants' claim, however, is entirely conclusory. Defendants do not make any allegation that plaintiffs seek to avoid or to take advantage of the laws of any particular forum. *See Ferens et ux. v. John Deere Co.*, 494 U.S. 516, 527 (1990) ("An opportunity for forum shopping exists whenever a party has a choice of forums that will apply different laws"); *Goodluck Onyeneho, et al. v. Allstate Insurance Co.*, 466 F. Supp. 2d 1, 5 (D.D.C. 2006) (forum shopping to avoid precedent); *Schmid Laboratories, Inc. v. Hartford Accident and Indemnity Company, et al.*, 654 F. Supp. 734, 736-37 (D.D.C. 1986) (forum shopping to take advantage of precedent). Instead, defendants make much of the fact that plaintiffs have moved to amend the Virginia complaint to drop all state law claims and to consolidate their federal claims in one federal court by adding certain parties defendant from the present action who are connected to the federal action already pending in Virginia. In short, defendants object that plaintiffs are consolidating claims in a forum that is not of defendants' choosing. *See* Defs.' Opp. at 3. Generally, however, courts "must afford substantial deference to a plaintiff's choice of forum." *Sierra Club v. Flowers*, 276 F. Supp. 2d 62, 67 (D.D.C. 2003), *citing Greater Yellowstone Coalition v. Bosworth*, 180 F. Supp. 2d 124, 128 (D.D.C. 2001). Defendants' conclusory allegations thus provide no basis for disturbing plaintiffs' choice, particularly given that defendants appear to be engaged in the very conduct of which they complain, by removing the present action from the Superior Court of the District of Columbia and moving to transfer the action from the Eastern District of Virginia to this Court. *See Lt. Gen. Robert L. Van*

*Antwerp, et al.*, 523 F. Supp. 2d at 16-17 (defendants have an "equally compelling strategic basis" for forum shopping); *Greater Yellowstone Coalition*, 180 F. Supp. 2d at 129 (same).

## CONCLUSION

For the foregoing reasons, plaintiffs respectfully request that the Court grant their Motion to Remand.

Dated: February 11, 2008						Respectfully Submitted,

								 /s/ Oliver B. Hall
								————————————
								Oliver B. Hall
								D.C. Bar No. 976463
								oliverbhall@gmail.com
								1835 16th Street, N.W.
								Washington, D.C. 20009
								Tel: (617) 953-0161

								*Counsel for Plaintiffs Ralph Nader,
								Peter Miguel Camejo, D.B. Fanning,
								C.K. Ireland, Julie Coyle, Herman
								Blankenship, Lloyd Marbet and
								Gregory Kafoury*

Bruce Afran, Esquire
10 Braeburn Drive
Princeton, NJ 08540
*Of Counsel*

Mark R. Brown, Esquire
303 East Broad Street
Columbus, OH 43215
*Of Counsel*

Carl J. Mayer, Esquire
Mayer Law Group, LLC
1040 Avenue of the Americas, Suite 2400
New York, NY 10018
*Of Counsel*

Gonzalez & Leigh, LLP
Matt Gonzalez, Esquire
G. Whitney Leigh, Esquire
Bryan Vereschagin, Esquire
Two Shaw Alley
San Francisco, CA 94105
*Of Counsel*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of February 2008, I served a copy of the foregoing Reply to Defendants' Opposition to Plaintiffs' Motion to Remand by means of the Court's EM/CMF system or by first class mail, postage prepaid, on:

| | |
|---|---|
| Joseph E. Sandler<br>D.C. Bar No. 255919<br>John Hardin Young<br>SANDLER, REIFF & YOUNG<br>50 E Street, S.E. #300<br>Washington, D.C. 20003<br><br>*Attorneys for Defendants Democratic National Committee and Jack Corrigan* | Michael B. Trister<br>D.C. Bar No. 54080<br>LICHTMAN, TRISTER & ROSS, PLLC<br>1666 Connecticut Ave., N.W., Suite 500<br>Washington, D.C. 20009<br><br>*Attorneys for Defendant Service Employees International Union* |
| Lawrence Noble<br>D.C. Bar No. 24434<br>SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP<br>1440 New York Ave., N.W.<br>Washington, D.C. 20005-2111<br><br>*Attorneys for Defendants Toby Moffett, Robert Brandon, Elizabeth Holtzman and The Ballot Project, Inc.* | Mark E. Elias<br>D.C. Bar No. 442007<br>PERKINS COIE<br>607 14th St., N.W.<br>Washington, D.C. 20005<br><br>*Attorneys for Defendants Kerry-Edwards 2004, Inc. and Senator John Kerry* |
| Laurence E. Gold<br>D.C. Bar No. 33689<br>LICHTMAN, TRISTER & ROSS, PLLC<br>1166 Connecticut Ave., N.W., Suite 500<br>Washington, D.C. 20036<br><br>Lyn Utrecht<br>D.C. Bar No. 272666<br>RYAN, PHILLIPS, UTRECHT & MACKINNON<br>1133 Connecticut Ave., N.W.<br>Washington, D.C. 20036<br><br>*Attorneys for America Coming Together* | Douglas K. Spaulding<br>D.C. Bar No. 936948<br>REED SMITH, LLP<br>1301 K Street N.W.<br>Suite 1100 – East Tower<br>Washington, D.C. 20005<br><br>*Attorneys for Defendant Reed Smith, LLP*<br><br><br><br>/s/ Oliver B. Hall<br>Oliver B. Hall |